# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CASE NO.: 1:17-CR-13-7 (WLS) |
| SAM ALEXANDER, JR., : | |
| : | |
| Defendant. : | |
| _____ : | |

## **ORDER**

Defendant Sam Alexander, Jr.. was arrested in connection with this proceeding on May 2, 2017. (Doc. 23.) On May 5, 2017, he was released on an appearance bond pending the resolution of the instant action. (Doc. 90.) The release, however, was short lived. On May 11, 2017, the Government filed a motion for revocation of the bond. (Doc. 112.) United States Magistrate Judge Thomas Q. Langstaff held a hearing on the motion on May 16, 2017 and the same day issued an order finding that Alexander "violated a condition of his release by using a controlled substance when Defendant signed an Admission of Drug Use form admitting the use of heroin on or about May 7, 2017." (Doc. 132.) Moreover, Judge Langstaff found "that the government carried its burden by a preponderance of the evidence that there is no condition or combination of conditions that will assure the Defendant will not flee or pose a danger to the safety of the community, and that the Defendant is unlikely to abide by any condition or combination of conditions of release." (*Id.*) Accordingly, he ordered Alexander to be detained until further order of the court. (*Id.*)

On November 14, 2017, Alexander filed a Motion for Revocation or Amendment of Detention Order, challenging Judge Langstaff's detention order. (Doc. 184.) On November 17, 2017, the Court asked Alexander "(1) to clarify whether he is in fact appealing the magistrate's ruling under § 3145(b) or requesting to reopen the hearing, and (2) to explain whether the motion is timely (in the case of an appeal) or permitted by statute (in the case of

1

reopening a revocation proceeding)." (Doc. 185.) Alexander responded that he intended to pursue both avenues. (Doc. 186.)

Judge Langstaff first considered whether to reopen the proceedings. He found that he did not have the authority to do so under 18 U.S.C. § 3142. However, even assuming he could reopen the proceedings, Judge Langstaff found that the evidence proffered by Alexander did not meet the standards of § 3142(f). Alexander presented eight pieces of new evidence which he asserted justified his release:

> 1) that Defendant has a minor child, with whom he was actively involved prior to detention;
> 2) Defendant's grandmother was being celebrated at a family gathering on Thanksgiving;
> 3) that the government's evidence against Defendant most likely supports a lower prison sentence exposure than contemplated at the time of the original hearing;
> 4) that Defendant has been incarcerated for a period of time that makes stringent conditions of drug testing and treatment viable release options;
> 5) that the incarceration period and Defendant's opportunity costs of lost family interaction have reinforced the need for Defendant to be fully compliant with bond conditions;
> 6) that Defendant's grandmother is ill;
> 7) that Defendant's cousin and uncle recently passed away; and
> 8) that the drug test sample taken by the USPO was not sent for testing and was destroyed.

(Doc. 190 at 2–3 (formatting altered).) Judge Langstaff found that the first justification was not new, the second was moot, and the remaining were immaterial. (*Id.* at 3.)

Following the order, Alexander filed a supplemental brief as to his appeal. (Doc. 193.) The Government has responded. (Doc. 198.) Alexander has yet to file a reply and his opportunity to do so has expired. (Doc. 191.) The issue is now ripe for a ruling.

The Court notes that while the appeal was pending, Larry O'Hara, a man purporting to be Alexander's pastor and an NAACP officer, sent the Court an email with "information" that "certain lawyers do not want you to know." (Doc. 197.) That information was a collection of medical documents. The Court filed the email with attachments under seal on the docket. (*Id.*) They are neither properly before the Court nor relevant. The Court declines to consider them in issuing this order.

2

**DISCUSSION**

**I.     Appeal of the May 16, 2017 Order**

When a defendant is arrested in a criminal case, he is brought before a judicial officer—in the Middle District of Georgia, a magistrate judge—who determines whether the defendant should be released or detained pending trial. 18 U.S.C. § 3141(a). The officer has some flexibility in making this decision. He may, as relevant here, release the defendant on personal recognizance or an unsecured appearance bond, release the defendant with conditions, or detain the defendant. 18 U.S.C. § 3142(b). Detention is far from automatic. To make such an order, the judicial officer must find "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). The officer considers four factors in making that determination: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). A defendant unhappy with a detention order has recourse. If he believes the officer erred in weighing the evidence, he may appeal the decision to the district court for a *de novo* review. 18 U.S.C. § 3145(b); *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985). Alternatively, a defendant who learns "information exists that was not known to the movant at the time of the [original bail] hearing" may request that the magistrate reopen the hearing if the new information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

A defendant ordered released may not stay that way. In the event he is released with conditions and violates those conditions, he is returned to the judicial officer who must first determine whether there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release." 18 U.S.C. § 3148(b)(1). If so, the officer then considers, using the § 3142(g) factors, whether there is a "condition or combination of

3

conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" and if "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2). If a condition was violated or crime committed and there are no conditions which protect the public and prevent the defendant from fleeing (or the officer doesn't believe those conditions would be followed), the officer "shall enter an order of revocation and detention." 18 U.S.C. § 3148(b). But, if there are sufficient conditions and the officer believes they would be followed, he "shall treat the [defendant] in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly."

The issue in this case comes at the intersection of those two procedures. If a defendant is released, violates his conditions, and is ordered detained, what is he to do if he discovers information not known to him at the time of the revocation decision which he believes material to the detention order? Three possibilities occur to the Court, each with its own problems.

First, he could move to reopen the proceeding pursuant to 18 U.S.C. § 3142(f). That section, however, only explicitly applies to the original § 3142 hearing and not to a § 3148 revocation hearing. *See*, *e.g.*, *United States v. Al-Bataineh*, No. 8:14-CR-208-T-30EAJ, 2014 WL 2968130, at *2 (M.D. Fla. July 1, 2014) (construing a motion to reopen a revocation hearing as a request under 18 U.S.C. § 3142(f)); *United States v. Brasier*, No. CR-S-08-0453LKK(GGH), 2009 WL 3367484, at *3 n.1 (E.D. Cal. Oct. 18, 2009) ("It is an open question whether a § 3148 decision is open to reconsideration at all since that statute does not contain the reopening language pertinent to initial decisions to detain or release.") Defendants and the Government both agree, with little discussion, that Judge Langstaff had authority to reopen the proceeding. (*See* Docs. 186 at 1–2; Doc. 188 at 3.) Judge Langstaff, however, concluded he did not have the authority to do so. (Doc. 190 at 2.)

Second, a defendant could appeal the § 3148 decision pursuant to § 3145(b). But that option runs headfirst into Federal Rule of Criminal Procedure 59(a) which mandates that all objections to a magistrate judge's nondispositive order be filed within fourteen days of the objected-to order. In a case where a defendant has discovered new evidence, he is unlikely to

4

do so within fourteen days. Here, the appeal was filed over six months later. There is no question the fourteen-day restriction applies to all appeals under 28 U.S.C. § 636, the general statute granting magistrate judges authority to hear matters, but no court in the Eleventh Circuit has squarely addressed whether it also applies to the 18 U.S.C. § 3145(b) appeal process. *See* Fed. R. Crim. P. 59, advisory committee's note to the 2005 amendment (describing the appeal process under § 636); *United States v. Tooze*, 236 F.R.D. 442, 444 (D. Ariz. 2006) (addressing the issue as one of "first impression").

Third, the defendant may have no recourse. In the absence of statutory authorization to reopen and a lapsed opportunity to appeal, a § 3148 detention may be final after fourteen days regardless of the evidence unearthed by a defendant.

The least appealing of the three options is the third. Every aspect of the Bail Reform Act is structured to assure the Government faces a real burden to detain someone pretrial and to provide oversight and protection when a person is detained. *See, e.g.*, 18 U.S.C. § 3142(c)(1)(A) (requiring the least restrictive conditions when releasing a defendant), § 3142(d) (restricting temporary immigration detentions to ten days without court intervention), § 3145(b) (providing a specialized, *de novo* review process for detentions). It cannot be the case that a defendant who holds unimpeachable evidence that he did not violate a condition of his release is forced to remain detained for months on end merely because the statute doesn't provide for any other option.

The Court must decide then whether the magistrate judge or district court is better equipped to handle a defendant's claims. The Court concludes that it is the magistrate judge, both for practical and statutory interpretation reasons.

First, on the practical side, "[t]he office of United States Magistrate was established by Congress for the purpose of expediting the work of federal district courts, not for the purpose of duplicating it." *United States v. Assenza*, 337 F. Supp. 1057, 1059 (M.D. Fla. 1972). In every case similar to the one at bar, the magistrate judge will hear the original § 3148 motion. Were the district court to have the sole authority to consider new evidence, it would be forced to reexamine every element of the original § 3148 decision—months after the decision was entered—in order to decide whether the new evidence is material to the

5

magistrate judge's order. The magistrate judge is more familiar with the facts of the case than the district court. He should have the first opportunity to decide if the new evidence was material to his decision.

Second, the Court finds *Tooze* compelling in its finding that a § 3148 ruling may only be appealed in the fourteen days after it was entered. 236 F.R.D. at 444–45. Rule 59 does not limit itself to appeals under § 636. It plainly applies to "any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a). The rule was enacted to require "a party to promptly file an objection to that part of the decision or recommendation at issue." Fed. R. Crim. P. 59, advisory committee's note to the 2005 amendment. That policy interest applies with no less force to § 3148 than § 636. The Rules Enabling Act permits the enactment of federal rules which do "not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). The United States Supreme Court has approved the enactment of rules under which a party may waive his right to appeal a magistrate's decision. *Thomas v. Arn*, 474 U.S. 140, 155 (1985). Rule 59(a) may therefore put a time limit on the right conferred by § 3145(b). *See Hart v. Knox Cty., Tenn.*, 171 F.2d 45, 46 (6th Cir. 1948).

The Court also finds that the statute permits a magistrate judge to reopen a § 3148 proceeding. Section 3148(a) provides that "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to . . . an order of detention . . . ." The contents of such an order of detention are set forth not in § 3148, but in § 3142(i). Section 3148(b) permits the defendant a "hearing." The procedure for a detention hearing in § 3148 does not provide for a defendant's right to counsel, to testify, to present witnesses, or to cross-examine witnesses—rights the defendant surely has. Those rights are instead enumerated in § 3142(f). Section 3148 requires the magistrate judge to apply the factors in § 3142(g) and, if the defendant is released, to treat them in accordance with § 3142. Section 3148 is part and parcel of § 3142. The right to reopen a hearing contained in § 3142(f) is therefore also applicable to § 3148 proceedings.

Returning to the facts of this case, for the reasons outlined above, Alexander's appeal of Judge Langstaff's May 16, 2017 revocation and detention order is untimely pursuant to Federal Rule of Criminal Procedure 59(a). The Court declines Alexander's request to

nonetheless consider the appeal, *see* Fed. R. Crim. P. 59, advisory committee's note to the 2005 amendment ("Despite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed."), given that Alexander has an adequate remedy in pursuing a reopening of the proceeding. His Motion (Doc. 184) is therefore **DENIED**.

## II.   Appeal of the November 28, 2017 Order

In addition to his appeal of the May 2017 order, Alexander's supplemental brief includes "objections" to Judge Langstaff's November 28, 2017 order. (Doc. 190.) The appeal is not of the detention order, but of the denial of the reopening of the detention order. Therefore, 18 U.S.C. § 3145 is not applicable. The Court instead reviews the order pursuant to Rule 59(a) and considers whether the object-to portions of the order are "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

Alexander first objects to Judge Langstaff's determination that he could not reopen the revocation proceedings. (Doc. 193 at 3.) For the reasons discussed *supra*, the Court agrees with Alexander's objection. The objection is **SUSTAINED** and that portion of Judge Langstaff's order is **SET ASIDE**.

Alexander next objects to Judge Langstaff's finding that the following purportedly newly discovered evidence was immaterial:

> 3) that the government's evidence against Defendant most likely supports a lower prison sentence exposure than contemplated at the time of the original hearing;
> 4) that Defendant has been incarcerated for a period of time that makes stringent conditions of drug testing and treatment viable release options;
> 5) that the incarceration period and Defendant's opportunity costs of lost family interaction have reinforced the need for Defendant to be fully compliant with bond conditions;
> 6) that Defendant's grandmother is ill;
> 7) that Defendant's cousin and uncle recently passed away; and
> 8) that the drug test sample taken by the USPO was not sent for testing and was destroyed.

(Doc. 193 at 3; *see* Doc. 190 at 3.)

The Court first provides an overview of the May 16, 2017 hearing and Judge Langstaff's subsequent order. However, the Court is not conducting a substantive review of

those proceedings. Alexander's opportunity to object to Judge Langstaff's detention order has expired. The Court's review is limited to whether Judge Langstaff's finding that the new evidence was not material to his May 15, 2017 order was contrary to law or clearly erroneous. *See* Fed. R. Crim. P. 59(a).

In his May 16, 2017 order, Judge Langstaff found that the Government had shown Alexander violated a condition of his supervised release when he signed an Admission of Drug Use form admitting the use of heroin on or about May 7, 2017. (Doc. 132 at 1.) At the time, Alexander had proffered that he intended to admit to the use of drugs on May 2, 2017 (the date of his arrest) rather than May 7, 2017 (two days after Judge Langstaff released him). (*Id.* at 2.) Alexander now admits, however, that he did in fact use drugs following his release. (Doc. 193 at 2.) Judge Langstaff found Alexander misrepresented his drug use to the United States Probation Office by claiming he did not abuse substances, a fact Alexander now concedes. (Doc. 132 at 2; Doc. 193 at 2.) Judge Langstaff concluded that he had set very restrictive conditions for Alexander's release, which were immediately violated. (Doc. 132 at 2.) Therefore, "there is no condition or combination of conditions that will assure the Defendant will not flee or pose a danger to the safety of the community, and that the Defendant is unlikely to abide by any condition or combination of conditions of release." (*Id.* at 1.)

Under 18 U.S.C. § 3148(b), the magistrate judge is to revoke release and detain a defendant if he finds that there is:

> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release;

and also finds that:

> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

8

The Court finds that none of the new factors raised by Alexander are material to this analysis. First, Alexander does not contest that he violated a condition of his release by using heroin. (Doc. 193 at 2.) Second, none of the factors demonstrate that Alexander is now likely to abide by any conditions of a second release. Alexander's actions after his first release were brazen. Despite a restrictive set of conditions put in place by Judge Langstaff, Alexander used heroin a mere two days following his release and then made a proffer to Judge Langstaff which misrepresented when the drugs were used. (*Compare* Doc. 151 at 16:4–7 (proffering to the use of drugs on May 2, 2017 and not May 7, 2017) *with* Doc. 193 at 2 (admitting to the use of "heroin after his release").) Fact three, that Alexander will face less potential prison time than originally charged, is not material to whether he will follow the conditions of release. As to fact four, the period of his incarceration, the Court sees no reason why Alexander would now follow the rules he previously disregarded without hesitation. Facts five, six, and seven, Alexander's concern for his family, are also immaterial. Alexander was worried about being able to spend time with his family during his original release. *See* Doc. 151 at 17:8–13. This concern did not stop his from violating his conditions. Fact eight, the destroyed drug sample, is completely immaterial to whether Alexander would follow the terms of release.

The Court finds that Alexander has failed to show how the proffered facts are material to (1) whether he violated the conditions of his release and (2) whether he would now follow the conditions of his release. Judge Langstaff's denial of Alexander's request to reopen the proceeding was not contrary to law or clearly erroneous. Objection number two is **OVERRULED**.

In summary, Judge Langstaff's November 28, 2017 order is **AFFIRMED** because Alexander has not demonstrated his proffered facts were material to the May 16, 2017 order. However, Judge Langstaff's alternative ruling that he lacks the authority to reopen the proceedings is **OVERRULED** and **SET ASIDE**. In accordance with the above discussion

and reasons stated, there is no need to remand the matter for further proceedings before the magistrate judge. Judge Langstaff's order, except as limited herein, **STANDS**.

**SO ORDERED**, this 2nd day of January, 2018.

                                                **/s/ W. Louis Sands**
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**